### M. T. MOLLISON CO. v. O'BRIEN et al.

#### (Circuit Court, D. Connecticut. May 11, 1911.)

#### No. 767.

**1. CONTRACTS (§ 332\*)—BREACH—PLEADING.**

A complaint charging that plaintiff and defendants contracted that plaintiff should do certain work, for which it was to receive a specified price, and was to do certain other work for a reasonable compensation, that plaintiff performed all the agreements on its part to be performed, so far as it was possible to perform them, and was ready and willing to perform all its agreements under the contract, but was prevented by the defendants without just reason, who by so doing breached the contract, stated a cause of action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. § 332.\*]

**2. ACTION (§ 38\*)—JOINDER—TORT AND CONTRACT.**

Where a complaint for breach of contract alleged that plaintiff was to furnish labor, materials, tools, and appliances in the construction of a certain building at agreed and reasonable prices, and that after plaintiff had performed a part of the work defendants broke the contract by preventing plaintiff from proceeding without just reason, and converted to his own use plaintiff's materials and appliances, the complaint was not demurrable because of joinder of a cause of action for breach of contract and for tort in a single count.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.\*]

At Law. Action by M. T. Mollison Company against Dennis O'Brien and others. On demurrer by defendant O'Brien to the complaint. Overruled.

G. B. Carlson, for plaintiff.

F. D. Haines, for defendant Wadsworth.

W. U. Pearne, for defendant O'Brien.

PLATT, District Judge. The complaint in this action is almost as voluminous as the moral law; but, after digestion, the issues are fairly simple.

The causes of demurrer are not made as specific as they ought to be, and might be disposed of on that ground; but such action would

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

probably lead to amendments, and it may be better, if I can understand the situation from the arguments, to decide them on the merits.

The most serious ground of criticism is that the action is prematurely brought, and that the decision of any issues which can now be framed would embarrass later causes of action which might result favorably to the demurrant.

[1] The complaint, in a general way, shows that the plaintiff and defendants entered into a contract, set forth as Exhibit A, under which certain work was performed by the plaintiff, for which he was to receive compensation at a price specified, and for certain things to be done a reasonable compensation; that the plaintiff performed all the agreements on its part to be performed, so far as it was possible to perform them; that it was ready and willing to perform all its agreements under the contract, but was prevented by the defendants without just reason, who by so doing breached their contract. This seems to be the statement of a good cause of action.

[2] Another criticism is that the complaint joins causes of action on contract and tort in one count. The complaint sets forth that under the contract plaintiff was to furnish labor, materials, tools, and appliances in the construction of a certain building at agreed and reasonable prices, and that after plaintiff had gone part way, and done what it could, the defendants broke the contract by preventing, without just reason, the plaintiff from going on, and converted to its own use plaintiff's materials and appliances. That is good pleading under our practice act as construed by our highest state court.

As to the criticism presented in the last cause of demurrer, that the complaint leaves it uncertain whether it is intended to hold defendants jointly liable, or to hold one or both of defendants separately, it is understood that the plaintiff expects to drop Wadsworth, which will leave the defendants free from doubt in that respect.

Let the demurrer be overruled. Plaintiff should then drop Wadsworth, and defendant O'Brien should proceed in the usual way.